OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. LAW WATSON PRYOR MCMEANS

 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. LAW WATSON PRYOR MCMEANS2026 OK 16Case Number: SCBD-8073Decided: 03/23/2026THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2026 OK 16, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION,
Complainant,
v.
LAW WATSON PRYOR MCMEANS, Respondent.

ORDER APPROVING RESIGNATION
PENDING DISCIPLINARY PROCEEDINGS

¶1 Before this Court is (1) the affidavit of Respondent Law Watson Pryor McMeans filed pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A, requesting that this Court allow him to resign his membership in the Oklahoma Bar Association (OBA) and relinquish his right to practice law, (2) the OBA's Application for Order Approving Resignation Pending Disciplinary Proceedings, and (3) the OBA's Application to Assess Costs.

Decision of the Court

¶2 On September 22, 2015, the OBA admitted McMeans to membership. On March 3, 2026, McMeans filed with this Court his affidavit of resignation pending disciplinary proceedings.

¶3 McMeans's affidavit of resignation reflects that (a) he freely and voluntarily renders his resignation, (b) he was not subject to coercion or duress, and (c) he is fully aware of the consequences of submitting his resignation.

¶4 McMeans is aware that on January 22, 2026, the OBA filed a six count Complaint against him in State of Oklahoma ex rel. Oklahoma Bar Association v. Law Watson Pryor McMeans, alleging the following:

Count I: The Futischa Grievance A grievance regarding McMeans's failure to finalize an adoption that his clients hired him to complete, including complaints of his failure to adequately communicate with his clients, his failure to pursue the adoption, and his misrepresentations to his clients that the adoption was completed when it was not.

Count II: The Bean Grievance A grievance regarding McMeans's failure to complete a modification of an existing custody arrangement, including complaints of his failure to adequately communicate with his client, his failure to produce an accounting of his legal fees when requested, and him charging his client for communications that never occurred.

Count III: The Douglas Grievance A grievance regarding McMeans's failure to perform any work on an adoption that his client hired him to complete, including complaints of his failure to adequately communicate with his client, his failure to return unearned legal fees, and his failure to respond to the OBA's investigation into the grievance as required.

Count IV: The Young Grievance One grievance from clients and one grievance from the Honorable Brett Morton regarding McMeans's failure to perform any work on an adoption that his clients hired him to complete, including complaints of his failure to adequately communicate with his clients, his misrepresentation to his clients that he filed and successfully concluded their adoption case, his forgery of the signature of the Honorable Brett Morton on a fabricated pleading, his falsification of a filing and issue stamps from the Chickasaw Nation District Court Clerk, and his failure to respond to the OBA's investigation into the grievance as required. As a result of McMeans's actions in this matter, the Chickasaw Nation Supreme Court interim suspended McMeans's license to practice law in that jurisdiction.

Count V: The Ott Grievance A grievance regarding McMeans's failure to register a foreign decree and modify custody as requested by his client, including complaints of his failure to adequately communicate with his client, his failure to appear before the court regarding the case, and his failure to respond to the OBA's investigation into the grievance as required.

Count VI: The K.H. Grievance A grievance regarding McMeans's failure to represent his client in a family law matter, wherein the client requested that he address an urgent custody issue and initiate divorce proceedings, including complaints of his failure to perform any work for his client, his failure to adequately communicate with his client, his failure to return unearned fees, and his failure to respond to the OBA's investigation into the grievance as required.

¶5 McMeans is aware that these allegations, if proven, would constitute at a minimum a violation of Rules 1.3, 1.4, 1.5, 3.2, 4.1, 4.4, 8.1, and 8.4(a), 8.4(b), 8.4(c), and 8.4(d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2021, ch. 1, app. 3-A, and Rules 1.3 and 5.2 of the RGDP, as well as his oath as an attorney.

¶6 McMeans's affidavit of resignation further states:

a. McMeans is aware that the OBA has the burden of proving the allegations against him, but he waives any and all rights to contest the allegations in a bar disciplinary proceeding.

b. He is aware that approval of his resignation is discretionary with this Court.

c. He is familiar with and agrees to comply with Rule 9.1 of the RGDP within twenty (20) days following the date of his resignation, to comply with Rule 11 of the RGDP as a prerequisite to reinstatement, and to make no application for reinstatement prior to the expiration of five (5) years from the effective date of his resignation.

d. He acknowledges that the Client Security Fund may receive claims from his former clients and agrees to reimburse the fund for the principal amounts and statutory interest for claims that it approves and pays as a prerequisite to his reinstatement to the practice of law.

e. He acknowledges and agrees to cooperate with the Office of General Counsel in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel and to cooperate in any client cases where McMeans owes fees or refunds.

f. He acknowledges that the OBA has incurred costs in the investigation of this matter in the amount of $641.81, and that he will reimburse the OBA if ordered to do so.

g. He will tender his OBA membership card to the Office of the General Counsel or destroy it.

¶7 This Court finds McMeans's resignation pending disciplinary proceedings is in compliance with all the requirements outlined in Rule 8.1 of the RGDP and is accepted.

¶8 We determine the effective date of McMeans's resignation to be March 23, 2026.

¶9 McMeans's OBA number is 32466, and his official roster address, as shown by OBA records, is P.O. Box 1212, 211 East 6th Street, Ada, Oklahoma 74812-1212. His current mailing address is 1640 Fulkerson Road, Ada, Oklahoma 74820.

¶10 IT IS THEREFORE ORDERED that the OBA's Application for Order Approving Resignation Pending Disciplinary Proceedings is approved and that his resignation is deemed effective upon the filing of this Order in the Office of the Clerk of the Supreme Court of Oklahoma.

¶11 IT IS FURTHER ORDERED that McMeans's name be stricken from the Roll of Attorneys and that he makes no application for reinstatement to membership in the OBA prior to the expiration of five (5) years from the effective date of his resignation. See RGDP Rules 8.2 and 11.1.

¶12 IT IS FURTHER ORDERED that McMeans comply with Rule 9.1 of the RGDP, return all client files, and refund unearned fees.

¶13 IT IS FURTHER ORDERED that as a condition of reinstatement, McMeans shall reimburse the Client Security Fund for any monies expended because of his malfeasance or nonfeasance. See RGDP Rule 11.1(b).

¶14 IT IS FURTHER ORDERED that McMeans shall reimburse the OBA for the costs incurred in these proceedings, in the amount of $641.81, within ninety days of the date of this Order.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 23rd day of March, 2026.

/s/____________________________________
CHIEF JUSTICE

ALL JUSTICES CONCUR.